Filed 10/6/20  P. v. Klein CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL JOSEPH KLEIN,<br><br>Defendant and Appellant. | F077903<br><br>(Super. Ct. No. F18900428)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Don D. Penner, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Barton Bowers, Lewis A. Martinez, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

---

\*        Before Levy, Acting P.J., Poochigian, J. and Peña, J.

-ooOoo-

## **INTRODUCTION**

In 2019, we filed an opinion in this matter holding that appellant Michael Joseph Klein was not entitled to a remand for the lower court to conduct a mental health diversion eligibility hearing under Penal Code section 1001.36.[1] (*People v. Klein* (June 25, 2019, F077903) [nonpub. opn.].) On August 19, 2020, however, the California Supreme Court transferred this matter back to this court with directions to vacate our prior decision and reconsider the cause in light of *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*).

Following that transfer, appellant filed a supplemental brief with us regarding *Frahs* and its impact in this matter. Although it was given the opportunity, respondent failed to file a supplemental brief with us.

On September 11, 2020, we vacated our prior decision. After reviewing *Frahs*, we agree with appellant that section 1001.36 applies retroactively to him because his case is not yet final on appeal. (See *Frahs*, *supra*, 9 Cal.5th at p. 637.) We further agree that his conviction and sentence should be conditionally reversed, and his matter remanded for the trial court to consider his eligibility for diversion under section 1001.36. If the trial court determines that appellant is eligible for diversion, it may grant diversion. If appellant successfully completes diversion, then the court shall dismiss the charges. (*Frahs*, *supra*, at pp. 640–641.) However, if the court determines that appellant does not meet the criteria under section 1001.36, or if he does not successfully complete diversion,

---

[1]     All further statutory references are to the Penal Code unless otherwise noted. Section 1001.36 created a diversion program for defendants who suffer from medically recognized mental disorders, "including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or post-traumatic stress disorder . . . ." (§ 1001.36, subd. (b)(1)(A).)

2.

then his conviction and sentence shall be reinstated.  (*Frahs*, *supra*, at p. 641.)  We remand for this limited purpose.

## BACKGROUND

The following facts are taken from our prior opinion in *People v. Klein*, *supra*, F077903.  The probation report reflects that on December 23, 2017, around 7:50 p.m., the victim was driving her vehicle when she observed appellant in the center median waving his arms.  As she passed appellant, she heard a loud bang on the driver's side of her vehicle.  The victim pulled over to check for damage and called the police.

Officers arrived, observed the damage to the victim's vehicle, and contacted appellant.  He stated he was throwing rocks because he wanted someone to contact the police; someone was trying to kill him; and he needed help.  He told the police he wanted to kill himself and had a history of suicide attempts.

Appellant was transported to the hospital for a possible Welfare and Institutions Code section 5150 hold.  On December 24, 2017, appellant was medically cleared.  He was transported to jail and booked.

Appellant was charged on January 17, 2018, with felony vandalism in violation of section 594, subdivision (a).  The complaint further alleged that appellant had two prior strike convictions, served two prior prison terms, and was ineligible to be sentenced to a term in county jail because he was required to register as a sex offender.  Appellant pled not guilty and denied all the allegations.

On June 5, 2018, appellant signed a felony advisement, waiver of rights, and plea form.  In exchange for a plea of no contest to the felony vandalism count and admitting to having to register as a sex offender and one prior strike offense, there would be a 32-month lid on the term of imprisonment.  On June 5, 2018, the trial court accepted the no contest plea pursuant to the plea agreement.

On July 20, 2018, appellant was sentenced in accordance with the plea agreement.[2] He filed a timely notice of appeal on August 6, 2018; he did not seek or obtain a certificate of probable cause.

## DISCUSSION

In 2018, the Legislature enacted sections 1001.35 and 1001.36, which created a pretrial diversion program for certain defendants with mental health disorders. (*Frahs*, *supra*, 9 Cal.5th at p. 624.) These laws took effect on June 27, 2018. (Stats. 2018, ch. 34, § 24.) Section 1001.36 was enacted after appellant entered a no contest plea in this matter. However, its enactment occurred a little over three weeks before he was sentenced on July 20, 2018. (*People v. Klein*, *supra*, F077903.)

"As originally enacted, section 1001.36 provided that a trial court may grant pretrial diversion if it finds all of the following: (1) the defendant suffers from a qualifying mental disorder; (2) the disorder played a significant role in the commission of the charged offense; (3) the defendant's symptoms will respond to mental health treatment; (4) the defendant consents to diversion and waives his or her speedy trial right; (5) the defendant agrees to comply with treatment; and (6) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community. (Former § 1001.36, subd. (b)(1)–(6).) Section 1001.36 was subsequently amended by Senate Bill No. 215 (2017–2018 Reg. Sess.) (Senate Bill 215) to specify that defendants charged with certain crimes, such as murder and rape, are ineligible for diversion. (§ 1001.36, subd. (b)(2), as amended by Stats. 2018, ch. 1005, § 1.)" (*Frahs*, *supra*, 9 Cal.5th at pp. 626–627.)

---

[2] Prior to sentencing, the probation department interviewed appellant. Appellant, who had been born in 1959, stated that he had been "diagnosed with PTSD and Bipolar and is currently taking medication, though he could not remember the names for certain." Appellant stated he had attempted suicide one time in 2009, but denied having any current suicidal ideations.

"If the defendant makes a prima facie showing that he or she meets all of the threshold eligibility requirements and the defendant and the offense are suitable for diversion, and the trial court is satisfied that the recommended program of mental health treatment will meet the specialized mental health treatment needs of the defendant, then the court may grant pretrial diversion. (§ 1001.36, subds. (a), (b)(3) & (c)(1).) The maximum period of diversion is two years. (*Id.*, subd. (c)(3).) If the defendant is subsequently charged with an additional crime, or otherwise performs unsatisfactorily in the assigned program, then the court may reinstate criminal proceedings. (*Id.*, subd. (d).) 'If the defendant has performed satisfactorily in diversion, at the end of the period of diversion, the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion' and 'the arrest upon which the diversion was based shall be deemed never to have occurred.' (*Id.*, subd. (e).)" (*Frahs*, *supra*, 9 Cal.5th at p. 627.)

In our prior opinion, we had held that section 1001.36 did not apply to appellant. We determined that he had been competent to stand trial, the record did not contain evidence of a diagnosed mental disorder, and section 1001.36 was effective after he had been adjudicated guilty. Further, we noted that appellant had pled to the offense and admitted enhancements pursuant to a plea agreement. Finally, we concluded that appellant had not sought or obtained a certificate of probable cause. As such, we had affirmed appellant's judgment. (*People v. Klein*, *supra*, F077903.)

We summarize the opinion which our Supreme Court has asked us to consider. In *Frahs*, the defendant entered a market where he had previously tried to steal a pack of cigarettes. The owner told him to leave. The defendant exited the store, picked up rocks, and threw them at passing cars. He struck the windshield of one car, shattering the glass. He then reentered the store and grabbed some items. The store owner and his son tried to block the defendant from leaving. The defendant punched the owner in the head, and

5.

eventually pushed his way through.  The store owner and his son detained the defendant in the parking lot and called police.  (*Frahs, supra*, 9 Cal.5th at p. 625.)

The defendant in *Frahs* was charged with two counts of second degree robbery and one felony count of throwing a substance at a motor vehicle with intent to cause injury.  A prior serious felony conviction was alleged.  (*Frahs*, *supra*, 9 Cal.5th at p. 625.)  The defendant testified at trial.  "He stated that he experienced hallucinations and delusions beginning in his early 20s and had been hospitalized at least eight times.  In 2015, a conservator was appointed to care for him for approximately seven months."  (*Ibid.*)  Four days before this incident he had stopped taking prescribed medications and he "was experiencing severe hallucinations and delusions during that time.  He testified that he thought an angel flew by on a horse and talked to him just before he entered the market."  (*Ibid.*)

A clinical and forensic psychologist testified on the defendant's behalf, stating that the defendant had been previously diagnosed with schizoaffective disorder.[3]  (*Frahs*, *supra*, 9 Cal.5th at p. 625.)  The psychologist described the defendant as "very ill and unstable."  (*Ibid.*)  The psychologist concluded that the defendant had been suffering from a psychotic episode and was not in touch with reality in the days preceding this criminal incident.  He testified that the defendant's behavior at the market was a byproduct of a psychotic episode.  (*Ibid.*)

A jury found the defendant guilty of two counts of second degree robbery and of the lesser included misdemeanor offense of throwing a substance at a motor vehicle without intent to cause injury.  (*Frahs*, *supra*, 9 Cal.5th at pp. 625–626.)  The trial court found true the prior serious felony conviction allegation.  The defendant was sentenced to

---

[3]    "Schizoaffective disorder" was defined as "a combination of schizophrenia and bipolar disorder[.]"  (*Frahs*, *supra*, 9 Cal.5th at p. 625.)

nine years in prison. (*Id.* at p. 626.) While the defendant's appeal was pending, the Legislature enacted sections 1001.35 and 1001.36. (*Frahs*, *supra*, at p. 626.)

The *Frahs* court concluded it was "undisputed" that section 1001.36 provides a possible benefit to a class of criminal defendants. (*Frahs*, *supra*, 9 Cal.5th at p. 631.) Further, the statute does not contain an express savings clause that limits the program to prospective-only application. (*Ibid.*) Thus, the issue was whether the Legislature clearly signaled an intent to overcome the inference from *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) that section 1001.36 applies retroactively to all cases not yet final on appeal. The *Frahs* court determined that section 1001.36 did not clearly signal such an intent.[4] (*Frahs*, *supra*, 9 Cal.5th at pp. 631–632.)

After reviewing relevant authorities and rejecting various arguments from the People, the *Frahs* court held that section 1001.36 applies retroactively to all cases not yet final on appeal.[5] (*Frahs*, *supra*, 9 Cal.5th at pp. 632–637.) The high court then focused on the remedy. (*Id.* at p. 637.) The Supreme Court stated it is "unduly onerous and impractical" to require a defendant at the appellate level to demonstrate that he or she

---

[4]     In *Estrada* the Supreme Court "held that an amendatory statute lessening punishment for a crime was presumptively retroactive and applied to all persons whose judgments were not yet final at the time the statute took effect." (*Frahs*, *supra*, 9 Cal.5th at p. 624.) In *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299 our high court "applied the *Estrada* rule to legislation that mitigated the possible punishment for a class of persons." (*Frahs*, *supra*, at p. 624.) The *Frahs* court stated that section 1001.36 "is similar to the scheme we considered in *Lara*, in that section 1001.36 by design and function provides a possible ameliorating benefit for a class of persons—namely, certain defendants with mental disorders—by offering an opportunity for diversion and ultimately the dismissal of charges." (*Frahs*, *supra*, at p. 624.)

[5]     Some appellate decisions, including one from this court in *People v. Craine* (2019) 35 Cal.App.5th 744, review granted Sept. 11, 2019, S256671, had reached opposite conclusions. (*Frahs*, *supra*, 9 Cal.5th at p. 631, fn. 2.) In our prior opinion in this matter, we had cited *Craine*. (*People v. Klein*, *supra*, F077903.) The Supreme Court, however, disapproved *Craine* to the extent it is inconsistent with *Frahs*. (*Frahs*, *supra*, 9 Cal.5th at p. 641.)

7.

satisfies all six threshold eligibility requirements before an appellate court may remand the case to the trial court for a diversion eligibility hearing. (*Id.* at p. 638.) When a defendant is tried and convicted before section 1001.36 became effective, the record on appeal is unlikely to include information pertaining to several eligibility factors. (*Frahs, supra,* at p. 638.) "Furthermore, requiring defendants to show they would meet all threshold eligibility requirements before the appellate court may remand the case to the trial court—which decides in the first instance whether a defendant is eligible for diversion—would be inconsistent with any sensible retroactive application of the statute. That, in turn, would run counter to our usual inference that the Legislature intends ameliorative statutes like this one to apply as broadly as possible within the constraints of finality—an inference that has not been rebutted here." (*Ibid.*)

The Supreme Court concluded that a conditional limited remand is warranted for a trial court to conduct a mental health diversion eligibility hearing when "the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion—the defendant suffers from a qualifying mental disorder (§ 1001.36, subd. (b)(1)(A))."[6] (*Frahs, supra,* 9 Cal.5th at p. 640.)

The *Frahs* court determined that evidence in its record appeared to support the first of the statute's threshold eligibility requirements, and the evidence also appeared to support one additional requirement. The psychologist had testified that the defendant suffered from a qualifying mental disorder (see § 1001.36, subd. (b)(1)(A)) and the

---

[6]    The *Frahs* court stated it was not addressing "the question of whether an appellate court may also decline a defendant's remand request when the record clearly indicates the trial court would have found the defendant 'pose[s] an unreasonable risk of danger to public safety' [citation] and is therefore ineligible for diversion. Nor are we here addressing the separate question of whether the 2019 amendments, which rendered defendants charged with certain crimes categorically ineligible for diversion, apply retroactively. [Citation.]" (*Frahs, supra,* 9 Cal.5th at p. 640.)

defendant's behavior at the market was a consequence of that disorder (see *id*. at subd. (b)(1)(B)). The high court held that "[t]his evidence suffices to make a conditional limited remand appropriate here." (*Frahs*, *supra*, 9 Cal.5th at p. 640.)

In the present matter, appellant contends that he meets the minimum eligibility requirement under *Frahs* for a conditional remand. We agree.

Appellant informed probation that he had been "diagnosed" with posttraumatic stress and bipolar disorders. These are qualifying conditions for mental health diversion. (§ 1001.36, subd. (b)(1)(A).) Moreover, appellant exhibited bizarre behavior during this crime. When officers contacted him, he stated he was throwing rocks because he wanted someone to contact the police. He claimed that someone was trying to kill him, and he needed help. He told the police he wanted to kill himself and had a history of suicide attempts. Appellant was transported to the hospital for a possible Welfare and Institutions Code section 5150 hold. Although appellant was released from that hold, the statute required the officer to initiate it based on probable cause that appellant was either gravely disabled or, as a result of a mental health disorder, he was a danger to others or to himself. (See Welf. & Inst. Code, § 5150, subd. (a).)

Because appellant did not go to trial, his record is very sparse compared to the record in *Frahs*. However, our Supreme Court has stated that it is "unduly onerous and impractical" to require a defendant at the appellate level to demonstrate eligibility for diversion before an appellate court may remand the case. (*Frahs*, *supra*, 9 Cal.5th at p. 638.) Instead, it is for the trial court to determine eligibility, and we are to infer that the Legislature intended this ameliorative statute to apply as broadly as possible within the constraints of finality. (*Ibid*.)

In our prior opinion, we had determined that the record did not contain evidence of a diagnosed mental disorder. (*People v. Klein*, *supra*, F077903.) *Frahs* makes it clear, however, that a conditional remand is appropriate if the record "affirmatively discloses" that the defendant "appears" to suffer from a qualifying mental disorder under

9.

section 1001.36, subdivision (b)(1)(A). (*Frahs*, *supra*, 9 Cal.5th at p. 640.) Although it is minimal, this record meets this standard. Consequently, appellant is entitled under *Frahs* for the trial court to determine if he qualifies for mental health diversion. A conditional limited remand is appropriate.[7]

In our prior opinion, we had found it significant that appellant had pleaded to the offense and admitted enhancements pursuant to a plea agreement. His plea agreement had resulted in the dismissal of certain allegations, and it contained a stipulated sentencing lid of 32 months. (*People v. Klein*, *supra*, F077903.) We also found it significant that the sentencing hearing had been continued for appellant to confer with counsel. At the continued sentencing hearing, appellant had waived time and the matter was again continued. (*Ibid.*) At the next sentencing hearing on July 20, 2018, appellant raised no objection to proceeding with sentencing. He did not seek to withdraw his plea, and he did not invoke section 1001.36. Appellant was sentenced in accordance with his plea agreement. (*People v. Klein*, *supra*, F077903.)

Appellant did not seek or obtain a certificate of probable cause. In our prior opinion we had concluded that, even if section 1001.36 applied to appellant, his failure to request a certificate of probable cause limited appellate review to issues concerning the jurisdiction of the court or the legality of the proceedings.[8] Because appellant had not raised such issues, we determined further grounds existed to affirm appellant's judgment. (*People v. Klein*, *supra*, F077903.)

---

[7]     We note that, when this matter is remanded, section 1001.36 requires appellant, in part, to provide a recent diagnosis by a qualified mental health expert establishing a mental disorder. (§ 1001.36, subd. (b)(1)(A).)

[8]     When a defendant pleads guilty or no contest, the defendant may generally not appeal without first obtaining a certificate of probable cause. (§ 1237.5, subd. (b); *People v. Cuevas* (2008) 44 Cal.4th 374, 379; see also *People v. Mendez* (1999) 19 Cal.4th 1084, 1098 [§ 1237.5 is applied strictly].)

However, in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), our Supreme Court recently held that a certificate of probable cause is not required if a defendant is seeking retroactive application of a subsequently enacted ameliorative provision. (*Id.* at p. 696.) In such a situation, the defendant is not challenging the validity of the plea.[9] (*Stamps*, at p. 696.) The *Stamps* court reiterated that, in California, " 'plea agreements are deemed to incorporate the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy.' " (*Stamps*, *supra*, at p. 695, quoting *Doe v. Harris* (2013) 57 Cal.4th 64, 71.)

Here, appellant does not seek to put aside or withdraw his plea. He does not assert that his plea was invalid when made. He does not request resentencing of a stipulated sentence. Instead, the law subsequently changed to his potential benefit and he seeks retroactive application of a pretrial diversion statute. Thus, his appeal does not attack the plea itself. Accordingly, a certificate of probable cause was not required.[10] (*Stamps*, *supra*, 9 Cal.5th at p. 698.)

Because appellant meets the minimum eligibility requirement under *Frahs*, we turn to the remedy. If the trial court finds that appellant suffers from a mental disorder, he does not pose an unreasonable risk of danger to public safety, and he otherwise meets the six statutory criteria (as nearly as possible given the postconviction procedural posture of this case), then the court may grant diversion. If appellant successfully

---

[9] In contrast, a certificate of probable cause is required for a claim that seeks to avoid a term of a plea agreement, which is deemed an attack on the validity of the plea itself. (*Stamps*, *supra*, 9 Cal.5th at p. 696.)

[10] We likewise decline to find forfeiture or waiver in this situation. Forfeiture is the failure to make the timely assertion of a right. In contrast, waiver is the intentional relinquishment or abandonment of a known right. (*Cowan v. Superior Court* (1996) 14 Cal.4th 367, 371.) At the time of sentencing, section 1001.36 had been in effect for just over three weeks. (Stats. 2018, ch. 34, § 24; *People v. Klein*, *supra*, F077903.) This record does not demonstrate that appellant forfeited or waived his rights under section 1001.36 when he was sentenced.

completes diversion, then the court shall dismiss the charges. However, if the court determines that appellant does not meet the criteria under section 1001.36, or if appellant does not successfully complete diversion, then his conviction and sentence shall be reinstated. (*Frahs*, *supra*, 9 Cal.5th at p. 641.) We express no view regarding whether appellant will be able to show eligibility on remand or whether the trial court should exercise its discretion to grant diversion if it finds him eligible.

## DISPOSITION

The judgment is conditionally reversed. The cause is remanded for the limited purpose for the superior court to conduct a diversion eligibility hearing as discussed within this opinion. If the trial court determines that appellant qualifies for diversion under section 1001.36, then the court may grant diversion. If appellant successfully completes diversion, then the trial court shall dismiss the charges. However, if the court determines that appellant is ineligible for diversion, or if appellant does not successfully complete diversion, then his conviction and sentence shall be reinstated.